IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JONATHAN FREDERICK BENNETT,

    Petitioner,

v.                                     CIVIL ACTION NO. 3:11-CV-103
                                                 (BAILEY)

UNITED STATES OF AMERICA,

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.**    **Introduction**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 27]. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on April 13, 2012 [Doc. 27]. In that filing, the magistrate judge recommends that this Court deny and dismiss the petitioner's *Pro Se* Motion for Return of Property [Doc. 1].

**II.**    **Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections [Doc. 29] on May 3, 2012. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. The remainder of the R&R will be reviewed for clear error.

### III.   Factual and Procedural History

On November 23, 2011, the petitioner initiated this case by filing his *Pro Se* Motion for Return of Property [Doc. 1], wherein he seeks return of $2,330 seized from his person on February 19, 2011, by the West Virginia State Police. Id. at 2.

On April 5, 2011, the Grand Jury, sitting in Martinsburg, charged this petitioner with two counts of distribution of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and one count of possession with the intent to distribute heroin and cocaine hydrochloride, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(c). On May 26, 2011, the petitioner signed a plea agreement in which he agreed to plead guilty to Count Two of the Indictment charging him with distribution of .5 grams of cocaine base. On June 3, 2011, petitioner appeared to enter his guilty plea. He was subsequently sentenced by the undersigned judge on

2

October 18, 2011, to a term of 30 months incarceration followed by a six-year term of supervised release.

According to the Government's version of the offense contained in Petitioner's Pre-Sentence Report [Doc. 43 at 4], on February 19, 2011, Trooper Schuessler of the West Virginia State Police received an anonymous tip that narcotics were being sold out of Room 258 of the Rodeway Inn in Martinsburg, West Virginia. A female then approached Trooper Schuessler and advised that she was with a man she knew as "Water" at the Rodeway Inn. The female advised that she had found a large plastic bag full of drugs inside Water's duffle bag. (Id.). Trooper Schuessler and other state police officers conducted a search of Room 258 after receiving the female's consent to search. (Id. at 5). No drugs were found inside the duffle bag, but a bag containing suspected cocaine base, a bag containing suspected heroin, and a bag containing suspected Xanax and $300 were found in the bedside stand. (Id.).

After the search, the female gave the officers a description of Water, who was later identified as the petitioner, and told them that he had gone to the Brickhouse Bar in Martinsburg and was driving a red Dodge Magnum. (Id.). Officers set up surveillance near the Brickhouse Bar and observed the only red Dodge Magnum in the parking lot. (Id.). They observed a man matching the petitioner's description leave the bar and get into the Magnum. (Id.). During surveillance, Trooper Schuessler observed the petitioner get out of the Magnum and approach a white female while holding a white plastic bag. (Id.). Officers took him into custody, and a search of his person revealed a key to Room 258 of the Rodeway Inn and the $2,330 at issue.

**IV.    ANALYSIS**

>A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

First, the petitioner must demonstrate that he is entitled to this property. "A claimant . . . must prove only a right to lawful possession of the property and an equitable right to its return, and no presumptions exist in favor of the government." **United States v. Clymore**, 245 F.3d 1195, 1201 (10th Cir. 2001). For the purposes of this motion, the Court will assume that the petitioner has a lawful entitlement to the currency seized from his person.

"'Rule 41([g]) is an equitable remedy, . . . available to [the movant] only if he can show irreparable harm and an inadequate remedy at law." **United States v. Copeman**, 458 F.3d 1070, 1071 (10th Cir. 2006) (quoting **Clymore v. United States**, 164 F.3d 569, 571 (10th Cir. 1999)). Assuming that Petitioner is the owner of the $2,330, he may be able to demonstrate irreparable harm because the money was forfeited to the State of West Virginia. However, the petitioner is unable to demonstrate an inadequate remedy at law because he had the ability to petition the Circuit Court of Berkeley County for the return of his property. "[T]here is no question of fact that the United States does not have jurisdiction over it. The [property] was forfeited in a . . . state proceeding, . . . divesting this court of any

jurisdiction or ability to grant [a] remedy under Rule 41." **United States v. Story**, 170 F.Supp.2d 863, 867 (D. Minn. 2001).

Furthermore, the Government cannot return property it does not possess, and therefore a motion for the return of property must be denied if the Government does not have possession of the sought-after property. See **United States v. Solis**, 108 F.3d 722, 723 (7th Cir. 1997); **United States v. White**, 718 F.2d 260, 262 (8th Cir. 1983); **Glover v. United States**, No. CR505-020, 2008 WL 4533928, at *1 (S.D. Ga. Oct. 8, 2008). Here, the Order of Judgment states that the $2,330 taken from the petitioner's person was seized pursuant to a search conducted by officers of the West Virginia State Police and Berkeley County Sheriff's Department. (Order of Judgment, ¶¶ 4-6, 22-34).

Nothing in the Order of Judgment suggests that the Federal Government ever had possession of this currency. Therefore, it appears that this Court is not the proper jurisdiction for the petitioner to petition for the return of his state-forfeited property.

There are some limited circumstances, however, where Rule 41(g) can be used to petition for the return of property seized by state authorities. "Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity." **Clymore**, 164 F.3d at 571 (citations omitted). As discussed above, the Government never had actual possession of the $2,330. Therefore, petitioner's only remaining theory is constructive possession.

As noted above, one instance of constructive possession is when the property "was

considered evidence in the federal prosecution." *Id*. However, the Government did not use the $2,330 as evidence against the petitioner because he chose to plead guilty and forego his right to a jury trial. Therefore, the only remaining possibility is that the state officials were "acting at the direction of federal authorities in an agency capacity." *Id*. In the instant case, as noted above, officers from the West Virginia State Police and Berkeley County Sheriff's Department conducted the search leading to the seizure of the $2,330 from the petitioner's person. (Order of Judgment, ¶¶ 4-6, 23-34). The seized money was then "turned over to the Eastern Panhandle Drug and Violent Crimes Task Force." (Id., ¶ 40). Therefore, the state officials were not acting at the direction of federal authorities. However, even if federal authorities had controlled the investigation, this would still be insufficient to establish constructive possession. An "assertion that federal authorities controlled the ongoing investigation and were 'involved' in the seizures, without more, is insufficient to establish the extensive federal possession or control necessary to make Rule 41(e) the appropriate vehicle by which to recover the state-forfeited property." **Clymore**, 164 F.3d at 571; *see also* **United States v. Eaton**, 62 F.Appx. 281, 283, 2003 WL 1772721, at *2 (10th Cir. Apr. 3, 2003); **Miller v. Reno**, 208 F.3d 214, 2000 WL 302786, at *1 (6th Cir. Mar. 17, 2000); **United States v. Rowzer**, 201 F.R.D. 516, 518-19 (D. Kan. 2001).

In this case, the federal authorities never had actual possession of the claimed property seized by the state and where the claimed property was never used as evidence at trial. Furthermore, the fact that the Government and not the State of West Virginia pursued drug distribution charges against the petitioner "does not suffice to confer

jurisdiction here." *Rowzer*, 201 F.R.D. at 518 ("The United States may have took over the federal prosecution for the firearms violations, but there is no indication that the United States ever constructively possessed these other listed items, i.e., considered them to be evidence in the federal prosecution or otherwise obtained or exercised any power or control over them."). Therefore, this Court finds that the petitioner's Motion for Return of Property must fail because the Government lacked actual or constructive possession of the state-forfeited currency and because there existed an adequate remedy at law in the Circuit Court of Berkeley County, West Virginia.

In his Objections [Doc. 29], the petitioner asserts that he was not provided adequate notice that his property was seized. In support, the petitioner cites *United States v. Rodgers*, 108 F.3d 1247 (10th Cir. 1997), in which the court held that the petitioner was not provided sufficient notice of forfeiture by the Drug Enforcement Administration. The petitioner in this case similarly argues that he was not provided notice. The instant case, however, is distinguishable. First, as previously noted the Federal Government never took possession of the petitioner's claimed property. Second, there existed neither forfeiture allegations in the Indictment, nor a forfeiture judgment in the criminal action which was in this Court. Accordingly, the federal government had no duty to notice any forfeiture proceeding for property which was in the possession of the State of West Virginia. Therefore, the petitioner's Objections **[Doc. 29]** are **OVERRULED**.

## V.     Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 27]** should be, and is,

hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the petitioner's Objections to the magistrate judge's R&R **[Doc. 29]** are **OVERRULED**. Accordingly, the *Pro Se* Motion for Return of Property **[Doc. 1]** is hereby **DENIED AND DISMISSED WITH PREJUDICE**. Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** May 16, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE